Jennifer Barna (NJ Attorney ID No. 045781996)
Andres F. Puerta (NJ Attorney ID No. 245222017)
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
Tel: (973) 642-1900
Fax: (973) 642-0099
*Attorneys for Defendants*
*Fedcap Rehabilitation Services, Inc. and*
*Steven Coons*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| TERENCE G. BLACKWELL, III,<br><br>                              Plaintiff,<br><br>v.<br><br>FEDCAP REHABILITATION SERVICES, INC.; STEVEN COONS; JOHN DOES 1-5 (fictitious individuals); and ABC BUSINESS ENTITIES 1-5 (fictitious business entities),<br><br>                              Defendants. | Civil Action No. 22-cv-_____(__)(__)<br><br>**NOTICE OF REMOVAL** |

---

**TO THE HONORABLE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Fedcap Rehabilitation Services, Inc. ("Fedcap") and Steven Coons ("Coons") (together, "Defendants"), by their attorneys, Epstein Becker & Green, P.C., respectfully remove this action from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey. Pursuant to Local Civil Rule 10.1, Fedcap maintains its principal place of business at 633 3rd Ave., 6th Floor, New York, New York 10017, and Coons resides at 24 Putnam Road, Monmouth Junction, New Jersey 08852. Plaintiff Terence G. Blackwell, III ("Plaintiff") is, as alleged in the introductory paragraph of his Superior Court Complaint, a

resident of Pinellas County, City of Clearwater, State of Florida, 33764. The grounds for removal are as follows:

### The State Court Action

1. Plaintiff, who resides and is located within the State of Florida, commenced the current action against Fedcap and Coons on August 2, 2022, by filing a Complaint with the Superior Court of New Jersey, Law Division, Mercer County, entitled *Terence G. Blackwell, III v. Fedcap Rehabilitation Services, Inc. et al.,* Docket No. MER-L-001343-22 (the "State Court Action"). A true and correct copy of the Complaint and Civil Case Information Statement is attached hereto as **Exhibit A**.

2. On August 3, 2022, a Track Assignment Notice was issued in the State Court Action. A true and correct copy of the Track Assignment Notice is attached hereto as **Exhibit B**.

3. The Complaint, Civil Case Information Statement, and Track Assignment Notice constitute all process and pleadings filed to date in this action.

4. As set forth in more detail in Paragraphs 16 through 26 below, service of process as to Defendants has not been effectuated in the Superior Court of New Jersey, Law Division, Mercer County. *See* Declaration of Elizabeth Houghton LaGreca, Esq., attached hereto and marked as **Exhibit C**.

5. A true and correct copy of the docket from the State Court Action as of the time of the filing of this Notice, which does not show service of process, is attached hereto and marked as **Exhibit D**.

6. Defendants have not yet answered the Complaint and the time to file an Answer has not yet expired.

7. This Notice of Removal is being filed within 30 days of the filing of the Complaint on August 2, 2022, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

8. Venue for civil cases in Mercer County, where the State Court Action was filed, lies in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1446(a).

9. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a Notice of Filing of Notice of Removal, a true and correct copy of which is annexed hereto as **Exhibit E**, and a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, the Mercer County Courthouse, 175 South Broad Street, Trenton, New Jersey 08608.

10. Defendants will provide written notice to opposing counsel via service of the Notice of Filing of Notice of Removal and a copy of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d), and will comply with all other procedural mandates applicable to this Notice of Removal.

11. Plaintiff purports to bring this four-count Complaint against Defendants alleging wrongful termination for failure to comply with Fedcap's mandatory COVID-19 vaccination policy. Count I alleges religious discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 *et seq.*; Count II alleges failure to accommodate in violation of the NJLAD; Count III alleges retaliation in violation of the NJLAD; and Count IV asserts a claim of individual liability against Coons for aiding and abetting alleged violations of the NJLAD. Plaintiff alleges that, as a result of his termination, he has suffered "economic losses, severe emotional distress, physical injury, humiliation, embarrassment, mental anguish, and loss of personal dignity." Plaintiff seeks an award of damages including "gratuitous services provided to Plaintiff, together with interest, expenses, attorneys fees, costs of suit, compensatory

FIRM:56842988v5

damages, punitive damages, reinstatement of his employment, and for whatever other relief the Court deems equitable and just." (Compl. ¶ 25 and "Wherefore Clause" following Count I).

12. By filing this Notice of Removal, Defendants do not waive any defenses which may be available to them.

## The Basis for Removal

13. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action may be removed by Defendants pursuant to 28 U.S.C. § 1441, because it is a civil action wherein: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of the Parties*

14. There is complete diversity of citizenship between the Plaintiff and the named Defendants in this action.

   a. In his Complaint, Plaintiff alleges that he is a resident of Pinellas County, City of Clearwater, State of Florida. (Compl. ¶ 1). "[I]n determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to 'the state of things at the time of the action brought.'" *Tomei v. Rife & Assocs. Mgmt. Consulting, LLC*, No. 17-6490, 2018 WL 1891473, at *2 (D.N.J. April 20, 2018) (quoting *Grupo Dataflux v. Atlas Global Grp.*, L.P., 541 U.S. 567, 570 (2004)).

   b. Fedcap, is a citizen of states other than New Jersey within the meaning of 28 U.S.C. § 1332(c)(1), because it is now, and was at the time this action commenced, a corporation incorporated under and by the laws of the State of

        New York, with its principal place of business at 633 3rd Avenue, 6th Floor, New York, New York 10017.[1]

    c. Coons is a citizen of New Jersey with a primary residence at 24 Putnam Road, Monmouth Junction, New Jersey 08852.

15. The "citizenship of defendants sued under fictitious names shall be disregarded" when determining whether a civil action is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1). As such, we disregard the citizenship of purported defendants "JOHN DOES 1-5 (fictitious individuals)" and "ABC BUSINESS ENTITITES 1-5 (fictitious business entities)."

16. The provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as "the forum defendant rule," may prevent a resident defendant from removing an action to federal court in its own state, yet the language of the statute only precludes such removal when the resident defendant has been "properly joined and served." *See Encompass Insurance Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).

17. In *Encompass*, the Third Circuit Court affirmed the district court's decision to allow removal of a case by a forum defendant on the basis of diversity jurisdiction – and further denied remand – where the court found incomplete service of process, even after the defendant's attorney had indicated that they would accept service electronically. 902 F.3d at 152-54.

---

[1] Plaintiff's Complaint incorrectly alleges that Fedcap is "organized and existing under the laws of the State of New Jersey and doing business throughout the State of New Jersey, with its principal place of business at 225 E. State Street, Trenton, New Jersey 08608." (Compl. ¶ 2). While Fedcap does maintain an office in Trenton, New Jersey, it is incorporated under the laws of New York State and maintains its principal place of business in New York City; thus it is a New York citizen for purposes of determining jurisdiction. *See* **Exhibit F** attached hereto, which is a true and correct copy of Fedcap's Entity Information containing publicly available information obtained from the New York State, Department of State, Division of Corporations (*available at* https://apps.dos.ny.gov/publicInquiry/EntityDisplay).

5

18. Here, the "forum defendant rule" is inapplicable to the present matter because Coons, the only New Jersey citizen, has not been "properly joined and served" in the State Court Action.

19. On August 3, 2022, Plaintiff's counsel informally transmitted copies of Plaintiff's filed Complaint, Track Assignment, and Summonses to Fedcap and Coons via an e-mail to Elizabeth Houghton LaGreca, New York counsel for Fedcap, and inquired whether Ms. LaGreca would accept service for the Defendants. Later the same day, Ms. LaGreca responded stating that counsel "will accept service on behalf of Defendants" in exchange for a stipulation allowing for an additional 30 days to respond to the Complaint. Plaintiff's counsel agreed. (*See* **Exhibit C** at ¶¶ 4-5).

20. Counsel for the parties have not communicated since August 3, 2022. (**Exhibit C** at ¶ 6).

21. As of this filing, no service or waiver of process has been effectuated because Plaintiff's counsel has not provided Defendants' counsel with (and Defendants' counsel has not signed) an Acknowledgement of Service or any other document to confirm the service (or to confirm the extension of time to respond to the Complaint). (**Exhibit C** at ¶ 7).

22. The "informal transmission" of the Summonses and Complaint to Defendants' counsel via e-mail is insufficient to effectuate service of process or constitute a waiver of service under New Jersey state law. *See Lee v. Cent. Parking Corp.*, No. 2:15-CV-0454 (KM) (MAH), 2015 WL 4510128, at *8-10 (D.N.J. July 24, 2015) (denying the plaintiff's motion to remand where defendants received copies of the summons and complaint which did not constitute service under New Jersey Rule 4:4-4(c), and service was not deemed waived until defense counsel signed the Acknowledgment of Service forms).

23. This is consistent with case law in the Third Circuit as well as New Jersey Rule 4:4-6 providing that "[a] general appearance or an acceptance of the service of a summons, signed by the defendant's attorney or signed and acknowledged by the defendant . . . shall have the same effect as if the defendant had been properly served." *Id.* at *10. As such, service in this case has not been properly effectuated due to the lack of a signed acknowledgement of service or any other formal stipulation between the parties.

24. Moreover, in Defendants' counsel's statement that she would accept service on behalf of Defendants in exchange for a stipulation extending time to respond to the Complaint, counsel for Defendants did not take a position on behalf of either Fedcap or Coons concerning jurisdiction or removal. **Exhibit C** at ¶ 8; *see also Encompass*, 902 F.3d at 154 (finding the defendant's "statements of its willingness to accept electronic service did not include language regarding its position on jurisdiction and removal" and that such incomplete service permitted removal).

25. As noted above, the case docket for the State Court Action does not reflect service of process.

26. Therefore, as in *Encompass*, the "forum defendant rule" under 28 U.S.C. § 1441(b)(2) does not preclude removal in this case where resident defendant Coons has not been "properly joined and served."

### *Amount in Controversy*

27. The amount in controversy of Plaintiff's claims exceeds $75,000, exclusive of interests and costs.

    a. By reason of the factual allegations of the Complaint, the nature of the claims asserted by Plaintiff, and the relief he has requested, it appears to a reasonable

7

      probability that the claim exceeds the sum or value of $75,000, exclusive of interest and costs.

b. Plaintiff alleges that he was discriminated against based on his religious beliefs, was refused reasonable accommodation for his religious beliefs, and was wrongfully terminated in retaliation for seeking a religious accommodation. Based on these claims, Plaintiff seeks judgment against Defendants for compensatory damages, non-compensatory damages, emotional distress damages for "severe emotional distress, humiliation, embarrassment," punitive damages, attorneys' fees, interest and such other relief as the Court deems appropriate. (*See* Compl., "Wherefore Clause").

c. Plaintiff is entitled to pursue damages for alleged emotional distress damages under NJLAD. The Supreme Court of New Jersey has held that damages for emotional distress in a discrimination case falls within a wide spectrum of acceptable outcomes, and will not be reduced unless the award is "so patently excessive, so pervaded by a sense of wrongness, that it shocks the judicial conscience." *Cuevas v. Wentworth Group*, 226 N.J. 480, 485 (2016).

d. Under NJLAD, if successful, Plaintiff also would be entitled to punitive damages, which are not capped under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.14(b)-(c). *See Lehmann v. Toys R Us, Inc.,* 132 N.J. 587, 624, 626 A.2d 445, 464 (1993) (punitive damages may be awarded under NJLAD under certain circumstances). Punitive damages are included when calculating the amount in controversy required for diversity jurisdiction. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When

both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *Hoffman v. Pharmacare U.S. Inc.*, No. 17-3540, 2017 WL 6758444, at *3 (D.N.J. Dec. 14, 2017) ("For the purposes of calculating the amount in controversy, reasonable attorneys' fees and punitive damages must be counted if they are available under New Jersey state law."). Given the nature of his claims and the damages he seeks, it appears with a reasonable degree of certainty that Plaintiff's claims exceed $75,000.00.

## Conclusion

28. Based on the foregoing reasons, the State Court Action is removable from the Superior Court of New Jersey to this Court pursuant to 28 U.S.C. § 1441(a) because the Complaint raises claims over which this Court has original jurisdiction under 28 U.S.C. § 1332(a).

**WHEREFORE**, Defendants respectfully remove the State Court Action now pending in the Superior Court of New Jersey, Law Division, Mercer County, to this Court.

DATED: September 1, 2022        By:   *s/ Jennifer Barna*
                                      Jennifer Barna, Esq.
                                      Andres F. Puerta, Esq.
                                      Epstein Becker & Green, P.C.
                                      One Gateway Center, 13th Floor
                                      Newark, New Jersey 07102
                                      (973) 642-1900
                                      jbarna@ebglaw.com
                                      apuerta@ebglaw.com

                              Elizabeth Houghton LaGreca, Esq.
                              Epstein Becker & Green, P.C.
                              875 Third Avenue
                              New York, New York 10022
                              (212) 351-4500
                              ehoughton@ebglaw.com
                              (*Pro Hac Vice* Admission Application
                              to follow)

                              *Attorneys for Defendants*
                              *Fedcap Rehabilitation Services, Inc. and*
                              *Steven Coons*

### **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

      I hereby certify that, to the best of my knowledge, the matter in controversy in the above-captioned action is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding.

DATED:  September 1, 2022                     By:  *s/ Jennifer Barna*
                                                                  Jennifer Barna, Esq.